To the next case of the day, United States v. Flores, appeal 18-3249, and we will hear from Mr. Hillis again. May it please the court, counsel, again, I'm Daniel Hillis with the Federal Public Defender's Office. Ms. Flores has less to complain about, but she still has a valid complaint in our view. She has a condition of supervised release that requires her to enroll in training or study that will equip her for, quote, suitable employment. It's our view that that's vague. I don't see this condition employed elsewhere. Why haven't you waived, in this case, your right to appeal here? She received the PSR in advance. The condition was in there. She didn't object to it. She objected to some guideline issues, but not to this. The court confirmed there were no additional objections, and in addition here, she waived the reading of the conditions. Why wouldn't that amount to waiver here? Sure, I'll work in reverse order. Waiving the reading of the conditions does not mean that you waive anything else about that. That's a 3553C issue. And I'm sorry to interrupt, but just so you understand the question, that was a package, and I'm not saying that waiving reading alone would constitute it. So, all of those factors which took place here, why, looking at the whole sentencing transcript, why isn't that sufficient for waiver? I wouldn't regard the decision not to have the conditions read as being an effective plank in a waiver platform. I think that's different. So far, as I've noticed, the conditions were back into which area, which group of cases for appeals are we in? Are we in Seals, Gill, Jenkins? Are we in Smith and the others? I keep going back to Thompson and Kappas that said, do these things this way. Here's what to do. Give advance notice. Make sure the conditions are clear. Make sure that everybody knows what they are to do. Define crucial terms. That's page 848 in Kappas, as I recall it. Just define what suitable is. It's not done in the guidelines. So we've got a 3583E3 problem, but Judge D2 problem. Sorry, Judge. 3583D2. To waiver. I think, again, where are we going to be on waiver depends on which body of cases we're going to look at. And I think that if we go back to the root of this, we have misses that aren't then waivers. That's consistent with Pulin. That's consistent with Kappas, Thompson, et al. It's only in the later cases, perhaps when maybe folks have had enough of supervised release, that we have an effort to tighten the reins on waiver. But I don't think that can be reconciled with the other cases. Mr. Hales, in your view, what could a district court do so that there's a waiver issue, so you can't later bring a supervised release condition up on appeal that has been addressed below? Are you saying that can never happen? You can never waive supervised release? No. What is it you're asking? Ask the right questions, get the right answers. I need to know... Give me a little more, please. Sure. What are the right questions you should be asking? Sure. If the judge asks, do you have any objection to the conditions of supervised release? Right. No. No objections. Or yes, we object to 2 and 5, but no objection to the other ones. Right. What else do you think a judge should have to give? So, what is 2 and 5? If 2 is an alcohol restriction, for instance, let's take the prior case as an example. You are going to give up all alcohol. Do you understand that, sir? Yes, I do. Do you understand that means even at your religious celebrations you can't have it? Does that mean I can have it in my mouthwash in the mornings? No, you can't. This is a complete alcohol ban if we find alcohol anywhere in your house. Maybe then the light bulb goes on for the judge, by the way, and says, is this really necessary? Should I be doing this? I don't know. So, you think the judge would have to anticipate each and every scenario where alcohol may come up? I think that if it's to be a knowing waiver of your rights, you have to know what your rights are, what are the things that are being implicated through the condition. I think that is a problem. It sounds like the standard for a complete guilty plea for each condition of supervised release. Judge Hamilton, it's a very generous standard of review when my client tries to come up and say the condition is vague, United States versus Ellis, too bad. You should have contested that a long time ago. That's the lunching with a felon condition, essentially, down in the Southern District of Illinois. Somebody went back to prison for that. I don't want that to happen to any of my clients. You're at least in the realm of plain error, or I guess at best in the realm of plain error here. I guess the way I look at this, what case tells the district judge that this suitable employment is one of three options to occupy most of your time, or preparing for suitable employment? What case tells the district judge that this is so clearly unconstitutional that I need to raise this issue myself? Well, I think there are a lot of them. I think we can start with Farmer, where Farmer laid out the groundwork. Farmer is 2014, right? So it, I think, preceded Siegel and certainly Thompson, and it said look at the statutory factors and look at what those say. One of the things that you're supposed to do is look at what the— Yes, sir. No, I thought we were talking about vagueness. I am. So I'm getting there. So the relevant markers for the district court, look at what the guidelines say. The guidelines don't say this. Look at what the statute has. The statute doesn't have this. So we've got a 3583 D3 problem now. So that should give the court an indication about don't do this. And then you read Kappas, you read Thompson, you read any of the cases that say define crucial terms. That didn't happen. I think it's pretty evident to the district court. So just the instruction define crucial terms. The problem I see here is that this provision actually provides the defendant a lot more latitude than certainly plenty I imposed as a district judge by saying generally I want you to have a job. If you don't have a job, you need to be looking for one. And then this provides the third option, or maybe you can be in a course of training.  That looks more generous to a defendant. And so why do I see that as something that I need to step in and object to myself as a district judge? I don't know. Would you have included the term suitable? And I don't know that you would. But does it do any violence to the condition if you omit a vague term like that? I don't think so. I think the condition probably works pretty well if you don't have that in there. That may well be good advice not to do it in the future. But in terms of plain error, what tells the district judge? And if basically Kappa's defined key terms is the best answer, that's the best answer. I think that's a good answer, Judge. And that probably is the best answer. But we also have to worry about the collateral consequences of when you don't ask for that clarity, even on the appeal. If I don't do this for my client now, if it's not clear and he goes back and she goes back, rather, and gets a job with unsuitable employment or is involved in a course of study that's unsuitable, subject to revocation, we look at case law like Ellis, 3583E3, you shouldn't have been doing that. You go back to prison. You can't challenge the vagueness. You're going to be locked down on the appeal. It's a loser. I don't know. Why does it end up like that? I just think you fast-forwarded through it. I think the defendant would say, hey, look, I've tried everywhere. I'm looking eight days a week for a job. I can't get one. The only thing I can find is a bartender job when the bar is closing at night. Probation officer has an issue with it. U.S. Attorney's Office has an issue with it because I've got some alcoholism in my past. And you pop it in front of a district court judge and you figure it out. I just can't imagine that people are getting handcuffed and hauled to jail. I mean, it just happened in Ellis, Judge. And I've represented people in the district court before where we've had to contend with these things at least to scrape off. You've got seven alleged violations. That looks bad when you come through the door. You're scraping off four of them to make challenges on things, and it still looks like, on balance, you caught a break somehow because we took off four invalid conditions and you're only going to be sentenced on the remaining ones. And it's just bad optics on it. But furthermore, I would say look at what the statute says. And it's not a matter of going and asking for some modification later of something that's invalid now. Start with the present. If it's invalid, don't do it. And it's pretty easy. Look to the statute and the guidelines and say, don't have the word suitable. It's really easy. I mean, why shouldn't we presume that the probation officer is going to look at it and say, almost everything you can hypothesize is going to be suitable if you can get a job, save perhaps bartending? I can't think of another example myself, just with what I know about this individual's background. Server, convenience store. I mean, there are a lot of places to get alcohol, Judge. And these are unskilled jobs. My client doesn't have a lot of tools in the work shed to be coming out and getting jobs of a professional nature. These may be the things available to her. If we, again, just take out the word suitable, we're good. Why not just ask the probation officer, which happens all the time, I got a job as a bartender. Is that okay? Probation officers, especially when you first come out, are very hands-on. They want these individuals to succeed. They don't want to put them back in prison. The concluding paragraph in Thompson says, law clerks, probation officers, a whole bunch of people who aren't Article III judges. They're not the ones you should be going to for getting clarity of the conditions. The district court should be the one doing this, Judge. That's my best answer. Thank you, Mr. Hillis. For the government, Mr. Anderson. Good morning, Your Honors. My name is Robert Anderson. I have the privilege of representing the United States in this matter. We view, and the court views, employment, seeking employment, or training for a proper job as pro-social, rehabilitative for purposes of supervised release. Mr. Anderson, before we get into the substance and the potential vagueness of this, why aren't you arguing for waiver? I did not argue for waiver because I'm navigating, as you observed yourself in the earlier case, there are some differences in some of the opinions from this court. I'm relying on Poulin and Block, and I believe also on Bickert too, which suggests that the plein air argument is the one here, that if there's not a specific addressing of this condition, if there was not more in the record that the court had done asking about this particular condition and the wording of this condition, that just a general, I've read the PSR, I've read the conditions of release, that that is more of a forfeiture and it relies on plein air rather than waiver. Now, there are those cases which this one isn't, which is why I didn't cite them in the brief, which is where we've seen recently where a defendant might object to Conditions 1, 7, and 11, but not the one that they're raising on appeal. The fact that they raised objections to other ones, and specifically did not raise an objection to the one they're arguing on appeal, can possibly support a record for waiver. From your standpoint, what should be sufficient for waiver? Again, it relies upon the record. But what should be the general test in looking at the record? Of course, we'll rely on you to tell us what that is, but from the cases, other cases that we've seen, there should be a specific addressing of that condition or perhaps spinning off of what Mr. Hillis was arguing and was asked, if the judge had said not only you've read these conditions of supervised release, do you have any objection to these conditions of supervised release? And then went a step further and said, there is specific wording in each of these conditions of supervised release. Do you have any specific objections to any of the wording, how they are worded? That might bring us to the point of constituting a waiver. But I think, regardless, plain error here is not the case. There's no error here at all. Suitable is the judge, Judge Connolly, did not claim the error in using the word suitable in modifying studying or training. The condition as it reads is maintain lawful employment, seek lawful employment, enroll and participate in a course of study or vocational training that will equip the defendant for suitable employment. Suitable modifies the training or education. Flores, again, didn't object to this, and that's why we're at plain error, but she's arguing that she could be a victim of some subjective interpretation of the word suitable. However, as I argue and point out, read in context, it's not vague, and it is certainly not plainly erroneous. What work does the word suitable do in this? It is modifying the type of training or education that she is involved in for suitable employment. She should either be employed, which is one way of satisfying the condition, looking for employment, or taking training or education for suitable employment. She can't come in and say, well, I'm not employed, I'm not looking for a job, but I'm taking knitting classes or I'm taking pottery classes, which have nothing to do with getting suitable employment. You could strike the word suitable and get the same result, right? Where would it make a difference? You could take the word suitable out of here and still use these conditions, but my argument, my point here is you don't need to take the word suitable out because it's truly not doing any harm. It doesn't have an obvious impact on her substantial rights. What would be training for unsuitable employment? Well, maybe as a pharmacist. She's involved in a drug offense here. If she's trained to be a pharmacist and she's going to have contact with the weakness that she has if she has an alcohol problem and working with alcohol, those could be unsuitable. But as I point out, she's got about nine more years to go before she's going to be released. She has a certain level of education. Certainly, unless she's not going to be doing anything in prison, she could be advancing her education. She could be getting vocational training while in prison. She's going to be in a different circumstance when she gets out than when she was sentenced, and the court simply can't know all of those circumstances ten years, nine years in the future. That's one of the challenges of this. Could I shift gears on you for a moment and ask you about the co-defendant, Helding? Have you seen the Anders brief and his response in that case? Briefly, I did. I didn't focus much on it. Did you have the two cases in the district court? I had both the Helding and Flaherty. My question is whether there's anything in the record readily available to us that shows it would be frivolous for Helding to get a hearing on the objections he raised as to the drug quantity in the PSR. If that got a little convoluted, what I'm trying to ask is, is there any basis for us not to allow him to pursue that? Well, the drug quantity was clear in the record, and he didn't raise an objection to it. I thought he raised an objection. There was about an eight-level offense-level difference between 300 and 5,000. I don't remember right off the top of my head whether it's pounds or kilos. There were about 500, a couple hundred pounds in her car and 300 pounds in his car, I think about 500 pounds total between the two cars. I thought he was held accountable for more like 5,000 pounds. That was then based on information. There was also a search done of his house up in northern Wisconsin, and there was more information gathered from that as well as historical information. And he asked for a hearing on that? He did not ask for a hearing. No? I don't believe. I don't believe. I could be wrong. Okay. Okay. Sorry. So as to this suitable condition, the appellant raises, has no authority anywhere to find that suitable is unconstitutionally vague. There are no cases that the government could find either, and his hypotheticals are on the extreme. And to go to the point of what Judge Scudder pointed out, you have something that's unconstitutionally vague and overbroad if it inhibits a wide range of activity. And does not provide the person with reasonable, a person of reasonable intelligence with an understanding of what is not suitable. Here, she's got enough education and such. There is no support for the argument, and the appellant does not meet her burden that use of the word suitable is plainly an error here. They ignore cases which say that this court presumes that probation officers act in a reasonable manner, and both the probation officer and the court, the district court, do not, there's a Second Circuit case I cite that there is a presumption that they don't act on inadvertent or accidental violations of supervised release, and certainly in common practice and common sense, they don't, we don't act on unintentional and inadvertent violations of supervised release. And there's reasonableness and flexibility in that word suitable anyway, in that the condition itself offers them the option of seeking modification or an excuse from compliance by the clause, unless excused by the probation officer or the court. And a probation officer, the fictional or imagined probation officer that is unreasonable, his argument, Mr. Hillis' argument, doesn't take into account the fact that the probation officer is an arm of the court who only prepares a 12C, which goes to the judge. The judge reviews it and then decides whether that is going to go forward and decides whether there's actually any type of violation of the supervised release condition. In reality, probation officers are reasonable, and there is no evidence, no factual evidence, supporting his allegation that an officer in our district wouldn't be. There's nothing affecting her obvious or substantial rights and nothing impugning the integrity and public image of the judicial system in including, simply including this word suitable. It could be removed, but the point is it doesn't have to be. It's almost an innocuous word, but there's no reason to be sending things back for words to be removed. I ask that the court affirm the judgment and sentence in this case. Thank you very much. Mr. Hillis, any rebuttal? Take a minute. Briefly, thank you, Your Honor. We shouldn't rely on personnel always doing things right and the probation officers are always going to do things correctly. Let's just get the conditions down right, take the human dynamic out of it. That's the better way to do this. The government can waive waiver, Judge St. Eve, to your point, and it has by not raising the principle in its brief. Judge Hamilton, about the word suitable, I would gasp if we had a statute that said do something suitable or you go to prison, and yet 3583E3 is that round-tripper to prison that allows us to essentially let judges make something that's equivalent to a statute, includes a vague term here, and if you don't satisfy what the suitable requirement is, you go back to prison and you don't get much review on an appeal. I can't imagine that that would be an appropriate way to handle things, and if we say it will never happen, that's okay. Let's just take the word suitable out and move that way and ensure that it doesn't. So that part's easy. Can my client work at Walgreens? I guess not. I mean, I was only considering about alcohol and the numerous places where it's available, but I guess she can't be at convenience stores, Walgreens, Walmart, lots of places where there might be drugs too because of that risk that she is once upon a time an addict and will therefore never be able to be trusted to work at a place like this. That's why I think you just put the circumstances at the time in front of the district judge, and what you say is how are they doing on their drug tests? Well, they've all passed. How does she seem to be doing overall with her life? Great. She's on a good path. She's got a job offer at Walgreens. I think we should trust district judges to make the right decision in those instances. I think we should trust the district judges to respect people's rights and freedoms that we don't have conditions littering the record that aren't supported presently. And that goes back to the point that if we don't know, and the government says we don't, what the person's circumstances are going to be because they're in prison for nine years, wait and impose the condition that's appropriate for the person under the circumstances once they're released from prison. And I found it curious the government said about Cy Enter, and that's really not an issue here, but they've resisted Cy Enter in lots of places, and if they say we're not going to revoke people for unintentional violations, I hope we start including Cy Enter in conditions. That would be great too. I have nothing further. Okay. Thank you, Mr. Phillips. Thanks to both counsel. The case is taken under advisement.